**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4175**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ARTURO LOPEZ-JUAREZ,

                                        Defendant - Appellant.

———————————

**No. 06-4176**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ALFREDO GUTIERREZ-ASPEITIA,

                                        Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
Chief District Judge.  (3:05-cr-00024)

———————————

Submitted: February 15, 2007        Decided: February 20, 2007

———————————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

George A. Young, Galveston, Texas; Ross Hall Richardson, LAW OFFICES OF ROSS HALL RICHARDSON, Charlotte, North Carolina, for Appellants.  Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Lopez-Juarez and Alfredo Gutierrez-Aspeitia pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006). Gutierrez-Aspeitia also pleaded guilty to one count of using and carrying a firearm during and in relation to a drug trafficking crime and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2006). In their plea agreements, the appellants stipulated that the amount of cocaine that was known to or reasonably foreseeable by them was in excess of five kilograms, and that a base offense level of thirty-two under the Sentencing Guidelines[1] applied to the conspiracy charge. After a reduction for acceptance of responsibility, appellants' total offense level on the conspiracy charge was twenty-nine. Lopez-Juarez's prior criminal activity placed him in criminal history category II, which resulted in a sentencing range of 120 to 121 months. Gutierrez-Aspeitia was in criminal history category I, with a sentencing range of 120 months on the drug conspiracy and a consecutive sixty months on the firearm charge.[2] Before

_____

[1]U.S. Sentencing Guidelines Manual (USSG) (2004).

[2]Both appellants were subject to a statutory minimum sentence of ten years on the drug conspiracy count based on the quantity of

(continued...)

- 3 -

sentencing, the Government moved for a departure from the statutory minimum sentence in Gutierrez-Aspeitia's case, which the district court granted.  The court sentenced Lopez-Juarez to 120 months of imprisonment, and sentenced Gutierrez-Aspeitia to a total of 144 months after departing from the statutory minimum of 180 months. Appellants timely appealed.

On appeal, counsel filed an <u>Anders</u>[3] brief, in which they state there are no meritorious issues for appeal, but question whether the district court complied with Fed. R. Crim. P. 11 in accepting the appellants' guilty pleas, and whether the sentences imposed were unreasonable or otherwise in violation of law. Appellants were advised of their right to file a pro se supplemental brief, but have not filed a brief.  We affirm.

Appellants did not move in the district court to withdraw their guilty pleas, therefore this court reviews their challenge to the adequacy of the Rule 11 hearing for plain error.  <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002).  Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is

---

[2](...continued)
cocaine involved.  21 U.S.C.A. § 841(b)(1)(A).  Gutierrez-Aspeitia was also subject to a mandatory consecutive term of five years of imprisonment on the firearm charge.  18 U.S.C.A. § 924(c)(1)(A)(i).

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967).

clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel do not specify any deficiencies in the magistrate judges' Rule 11 inquiries, and our review of the plea hearing transcripts reveals that the magistrate judges conducted a thorough Rule 11 colloquy that assured appellants' pleas were made both knowingly and voluntarily.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in United States v. Booker, 543 U.S. 220 (2005), a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Counsel do not assert that the district court erred in determining the applicable Guideline range, and appellants' offense level was determined based on the stipulation in the plea agreement. Next, the district court must consider the Guideline range in conjunction with other relevant factors under the Guidelines and § 3553(a), and impose a sentence. "A sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006). If a court imposes a sentence outside the Guideline range, the court must state its reasons for doing so.

Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47 (citations omitted).  In this case, appellants' sentences were governed by statutory minimums.  Lopez-Juarez was sentenced to the statutory minimum term of imprisonment, and Gutierrez-Aspeitia received relief from the statutory minimums as a result of his substantial assistance to the government.  We conclude that appellants' sentences are reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm appellants' convictions and sentences.  This court requires that counsel inform appellants, in writing, of the right to petition the Supreme Court of the United States for further review.  If either appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED